**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-01831-NYW-STV

CHRISTINE LAGUARDIA,

     Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

     Defendant.

---

## ORDER ON MOTION TO DISMISS

---

This matter is before the Court on Defendant Allstate Fire & Casualty Insurance Company's Motion to Dismiss Plaintiff's Fifth and Sixth Claims for Relief (the "Motion" or "Motion to Dismiss") [Doc. 24]. This Court has reviewed the Motion, the applicable case law, and the entire docket. For the reasons set forth herein, the Motion to Dismiss is respectfully **GRANTED**.

## BACKGROUND

The following facts are drawn from the Complaint for Damages (the "Complaint") [Doc. 3] and are taken as true for purposes of this Order. On March 1, 2019, Plaintiff Christine LaGuardia ("Plaintiff" or "Ms. LaGuardia") was involved in an automobile collision in Brighton, Colorado. [Doc. 3 at ¶¶ 10, 14]. Ms. LaGuardia was injured in the crash and has incurred medical bills of at least $34,731.99 to treat her injuries. [*Id.* at ¶ 19]. Ms. LaGuardia made a demand on the tortfeasor's insurance company, Safeco Insurance Company ("Safeco"), "to settle this case within the limits of [the tortfeasor's] automobile liability insurance coverage, but Safeco declined to extend insurance coverage to Plaintiff's claim." [*Id.* at ¶ 31].

At the time of the collision, Ms. LaGuardia was insured through Defendant Allstate Fire and Casualty Insurance Company ("Defendant" or "Allstate"). [*Id.* at ¶ 38]. Her insurance policy includes uninsured motorist ("UM") coverage, with a policy limit of $100,000 per person. [*Id.* at ¶ 39]. Ms. LaGuardia alleges that she "filed a timely claim with Defendant Allstate for uninsured motorist benefits and compensation for her personal injuries." [*Id.* at ¶ 40]. Ms. LaGuardia alleges that Allstate "failed to fairly evaluate Plaintiff's claims, and in bad faith denied Plaintiff the full UM benefits to which she is entitled under the insurance contract." [*Id.* at ¶ 43].

Plaintiff initiated this civil action on February 28, 2022 in the District Court of Adams County, Colorado. *See* [*id.* at 1]. She asserts three claims against Allstate: (1) breach of contract; (2) common law bad faith breach of an insurance contract; and (3) unreasonable delay or denial of insurance benefits. [*Id.* at 9–11]. Allstate removed the case to federal court on July 25, 2022. [Doc. 1].[1] Then, on October 6, 2022, Allstate filed the instant Motion to Dismiss, which seeks dismissal of Plaintiff's bad faith claims. [Doc. 24]. Ms. LaGuardia did not respond to the Motion to Dismiss, and the time to do so has elapsed.[2]

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6),

---

[1] This case became removable on June 28, 2022 after originally named individual defendants were dismissed from the case for failure to serve. *See* [Doc. 1 at ¶ 2; Doc. 1-12].

[2] On November 30, 2022, Defendant filed a "Status Update and Request for Ruling on" its Motion to Dismiss. *See* [Doc. 25]. In that filing, Defendant "request[ed] that this Court deem the Motion confessed and enter an Order granting the Motion" based on Plaintiff's failure to respond. [*Id.* at 4]. This request was unaccompanied by any citation to legal authority. *See* [*id.*]. "[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). Accordingly, the Court declines to deem the Motion to Dismiss confessed and will instead reach the merits of Defendant's arguments.

the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible.").  The Court must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

Allstate argues that Ms. LaGuardia's bad faith claims should be dismissed for failure to state a claim under Rule 12(b)(6).  [Doc. 24 at 5].  Specifically, Allstate contends that "[t]here are no factual allegations concerning Allstate's claim handling or, more [specifically], what Allstate is alleged to have done wrong with respect to its valuation of Ms. LaGuardia's claim," and for this reason, Plaintiff fails to state a claim upon which relief could be granted.  [*Id.* at 6].[3]  For the reasons set forth below, the Court respectfully agrees with Defendant's arguments.

---

[3] The Court notes that Allstate also raises arguments that rely on alleged facts not contained in the Complaint.  *See, e.g.*, [Doc. 24 at 4 (Defendant asserting that Plaintiff did not submit a demand package to Allstate until after she filed this lawsuit)].  The Court cannot and does not consider Defendant's new factual allegations in this Order.  *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d

## I.   Colorado Insurance Law

Colorado law provides for two types of bad faith claims arising out of an alleged breach of an insurance contract: (1) common law bad faith breach of an insurance contract; and (2) unreasonable delay or denial of insurance benefits under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, also referred to as "statutory bad faith." *Dowgiallo v. Allstate Ins. Co.*, No. 19-cv-03035-KMT, 2020 WL 1890668, at *2 (D. Colo. Apr. 16, 2020).

A statutory bad faith claim primarily concerns whether an insurer denied or delayed the payment of insurance benefits without a reasonable basis. *State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501, 506 (Colo. 2018); *see also* Colo. Rev. Stat. § 10-3-1115(1)(b)(II)(B)(2) ("[A]n insurer's delay or denial [of benefits] was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action."). To state a claim of unreasonable delay or denial under § 10-3-1115, an insured must allege that: (1) the insurer delayed or denied payment of benefits to the insured, and (2) the delay or denial was without a reasonable basis. *Am. Fam. Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018).

In addition to an insurer's statutory duties, an insurer has a simultaneous common law duty to deal with its insured in good faith. *Am. Fam. Mut. Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004). "Due to the 'special nature of the insurance contract and the relationship which exists between the insurer and the insured,' an insurer's breach of the duty of good faith and fair dealing gives rise to a separate cause of action arising in tort." *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004) (quoting *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003)). "The requirements of a common law bad faith claim under Colorado law are heightened

---

1210, 1215 (10th Cir. 2007) (explaining that "the usual rule" is that "a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss").

in comparison to those of a statutory bad faith claim." *Butman Fam. Inv. Ltd. P'ship v. Owners Ins. Co.*, No. 19-cv-01638-KLM, 2020 WL 1470801, at *8 (D. Colo. Mar. 25, 2020).  To state a common law insurance bad faith claim, the insured must allege facts demonstrating both "that (1) the insurer's conduct was unreasonable," *and* "(2) the insurer either had knowledge of or reckless disregard for the fact that its conduct was unreasonable." *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 970 (Colo. App. 2011) (citing *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985)).

## II.    The Sufficiency of Plaintiff's Allegations

In her Complaint, Ms. LaGuardia raises a number of boilerplate generalized allegations about Allstate, but fails to allege *any* specific factual allegations in support of her conclusory assertions of bad faith conduct.  For example, she alleges that Allstate's "evaluation of Plaintiff's claim and [its] refusal to offer adequate UM benefits was without a reasonable basis in fact or law," [Doc. 3 at ¶ 42], but the Complaint contains no allegations setting out *how* Allstate evaluated Plaintiff's claim or how its evaluation was in bad faith.  Nor does the Complaint explain Allstate's alleged basis for denying Plaintiff's claim. *See generally* [*id.*].   Additionally, Plaintiff alleges that Allstate "failed to properly, fairly or reasonably investigate[] and evaluate Plaintiff's UM claim despite an ongoing duty to do so," [*id.* at ¶ 44], but she fails to provide any factual allegations describing Allstate's investigation or explaining how Allstate's investigation or evaluation was not proper, fair, or reasonable.

Furthermore, Plaintiff asserts that Allstate's "policies, procedures, and guidelines for investigating and evaluating UM claims are unreasonable and encourage its employees to delay, deny and under value such claims" and that Allstate has "failed to adopt and implement reasonable standards for investigating and resolving first-party UM claims."  [*Id.* at ¶ 47].  The Complaint

lacks any explanation, however, as to (1) what Allstate's policies, procedures, or guidelines for handling claims are; or (2) how those standards are unreasonable.  Simply put, the Complaint contains only "boilerplate language applicable to any insurance contract claim generally, devoid of any specific factual information," *Ryals v. Am. Fam. Ins. Co., S.I.*, No. 20-cv-02736-NYW, 2021 WL 848195, at *7 (D. Colo. Mar. 5, 2021), and Plaintiff's generic allegations of wrongful conduct, which lack any specific ties to the facts of this case, are insufficient to state a plausible claim for relief.

To be clear, the Court does not suggest that Plaintiff *must* plead the specific facts suggested above to state a claim for unreasonable delay or denial or common law bad faith.  But it is well established that a plaintiff may not rely on "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (alterations and quotation omitted), and Plaintiff must provide *some* factual support for her claims.  Indeed, a generalized "list of actions in which [Allstate] allegedly engaged" is insufficient to state a claim for relief.  *Villa Maison Homeowners Ass'n, Inc. v. Owners Ins. Co.*, No. 17-cv-01542-RM-KMT, 2018 WL 11182673, at *2–3 (D. Colo. July 9, 2018).  Courts in this District have consistently held that bare allegations lacking any factual support, such as those forming the basis of Plaintiff's bad faith claims, fail to state a plausible claim for relief for common law or statutory bad faith.  *See, e.g.*, *Herrig v. Am. Fam. Mut. Ins. Co., S.I.*, No. 22-cv-00693-WJM-NRN, 2022 WL 17975483, at *3 (D. Colo. Dec. 28, 2022) ("[T]here are simply no non-conclusory allegations in the [complaint] about any unreasonable or bad faith conduct by Defendant."); *Carraway v. State Farm Fire & Cas. Ins. Co.*, No. 21-cv-03201-PAB-SKC, 2022 WL 4467035, at *8 (D. Colo. Sept. 26, 2022) ("The Court concludes that plaintiff's 'boilerplate' allegations, which are 'applicable to any insurance contract claim generally,' are 'devoid of any specific factual information' and are therefore insufficient to plausibly state a bad

faith claim." (quotations omitted)); *Kaiser v. Mountain States Mut. Cas. Co.*, No. 12-cv-01757-DME-KLM, 2013 WL 179454, at *5 (D. Colo. Jan. 17, 2013) (concluding that the plaintiffs failed to state a claim for a breach of the covenant of good faith and fair dealing where the plaintiffs "[did] not identify any act of [the defendant], other than its failure to pay the claim, to support their assertion that [the defendant] was unreasonable, or that it knowingly or recklessly disregarded their claim.").

"Simply saying that defendant acted unreasonably or unfairly[] does not make it so." *Villa Maison*, 2018 WL 11182673, at *2. Plaintiff must allege facts, taken as true, that would plausibly support her conclusion that Allstate acted unreasonably, and because she has failed to do so, she has failed to adequately allege an essential element of each of her bad faith claims. *Barriga*, 418 P.3d at 1185–86; *Kisselman*, 292 P.3d at 970; *Traurig v. Owners Ins. Co.*, No. 20-cv-01489-CMA-SKC, 2021 WL 1165536, at *4 (D. Colo. Mar. 26, 2021). Because Plaintiff has not stated a claim upon which relief could be granted, the Court will grant Defendant's Motion to Dismiss.

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** that:

(1)     Defendant Allstate Fire & Casualty Insurance Company's Motion to Dismiss Plaintiff's Fifth and Sixth Claims for Relief [Doc. 24] is **GRANTED**; and

(2)     Plaintiff's bad faith claims are **DISMISSED without prejudice** under Rule 12(b)(6).

DATED:  April 4, 2023                                  BY THE COURT:

_____
Nina Y. Wang
United States District Judge

7